### TEXAS & PACIFIC RAILWAY COMPANY v. BEAL & SELF.

Decided October 13, 1906.

**1.—Infected Cattle Pens—Allegation—Proof.**

Plaintiffs shipped several carloads of calves from a point in Texas to a northern market intending to sell them as feeders, but because defendant's cattle pens, from which said calves were shipped, were infected by a contagious disease they could only be sold at a reduced price for immediate slaughter. Plaintiff proved the alleged difference in the price of feeders and of calves for slaughter, but made no proof of when, where, how or at what price the calves in question were sold, or that they were sold at all. Held, the case alleged was not proved.

**2.—Same—Knowledge.**

In a suit for damages caused to plaintiffs by shipping their cattle from infected pens, it was necessary to allege and prove that defendant knew that the pens were infected, or by reasonable care might have known it.

**3.—Same—Pleading—Proof.**

A charge that it was the duty of defendant to have "proper and suitable shipping and feeding pens" is not warranted by an allegation that defendant had been notified by the federal authorities that its pens had been quarantined.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant.

*M. Carter* and *G. B. Harness,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant carried four cars of calves belonging to appellees from Stanton, Texas, to the northern market, two cars to East St. Louis and two to South St. Joseph. It was the purpose of appellees in making this shipment to sell the calves for feeders, but owing to the fact that diseased cattle,.that is, cattle with scabies, had infected the pens at Stanton just prior to this shipment, the calves were quarantined at Fort Worth and had to go forward, as exposed cattle, for immediate slaughter. It was claimed that this resulted in a loss of fifty cents per hundred pounds. Damage due to delay at Fort Worth was also claimed.

The alleged difference between the price of feeders and of cattle sold for immediate slaughter was proved, but appellees utterly failed to prove when, where, how, or at what price they had sold their calves, or even that they had sold them at all. They also failed to prove that appellant

had any knowledge of the infected condition of its pens at Stanton when it received the calves for shipment, and if its ignorance of this fact was due to negligence no such ground of recovery was alleged in the petition. The case alleged, therefore, was not made out in the proof, and the court should have granted a new trial.

The court also erred in submitting as a ground of recovery the duty of appellant to have "proper and suitable shipping and feeding pens," since no such ground was to be found in the petition, the only ground alleged being that appellant had been notified by the agent of the Bureau of Animal Industry of the Federal Government that the pens at Stanton had been quarantined, and had permitted appellees, in ignorance of this fact, to place their cattle therein.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*